IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRIAN MELCHIOR WELLENS, | ) | Case No. 11-35835 ABC |
| | ) | Chapter 7 |
| Debtor . | ) | |
| | ) | |
| JHK VENTURE CAPITAL LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 12-1063 ABC |
| | ) | |
| BRIAN MELCHIOR WELLENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S PARTIAL
MOTION TO DISMISS**

This matter comes before the Court on the Partial Motion to Dismiss filed by Defendant/Debtor Brian Melchior Wellens ("Debtor") and the Response thereto filed by Plaintiff JHK Venture Capital Limited Partnership ("Plaintiff"). The Court having reviewed the foregoing, and being otherwise advised in the premises, finds as follows.

In August, 2011, Plaintiff obtained a judgment against Debtor and BCPM Holdings, LLC, jointly and severally, in the amount of $471,710.74 (the "Judgment"). Plaintiff's judgment was based on a $400,000 promissory note executed by BCPM Holdings, LLC, which Debtor personally guaranteed. Plaintiff's Complaint in this adversary proceeding seeks a determination that the debt represented by the Judgment is non-dischargeable under 11 U.S.C. §§ 523(a)(2), (4), and (6). Debtor has moved to dismiss the § 523(a)(2) fraud claim only, arguing that under Colorado law, by obtaining a judgment based on the promissory note, Plaintiff affirmed the contract between the parties and elected not to pursue its fraud claims. Debtor argues that Plaintiff is now precluded from bringing a fraud claim against Debtor based on the breach of contract liability which has now merged into the Judgment.

Plaintiff responds that Debtor's *res judicata* arguments have been rejected by the Supreme Court in *Brown v. Felsen*, 442 U.S. 127 (1979) and *Archer v. Warner*, 538 U.S. 314, 318-319 (2003).

1

Plaintiff is correct. The law is clear and well-established that an exception to the doctrine of *res judicata* exists when a creditor seeks to obtain a determination of non-dischargeability for a debt previously reduced to judgment. In *Brown v. Felsen*, the Supreme Court held that *res judicata* did not prevent a creditor from asserting that a consent judgment for breach of contract was a debt obtained by fraud, reasoning that by asserting its fraud claim in the bankruptcy proceeding, the creditor was "attempting to meet . . . the new defense of bankruptcy which [the debtor] has interposed between petitioner and the sum determined to be due him." 442 U.S. at 133. Because there was no bankruptcy at the time Plaintiff obtained its Judgment, Plaintiff's dischargeability claim did not then exist. Thus, as the Supreme Court said in *Brown v. Felsen*, "it makes little sense . . . to resolve a federal dischargeability question according to whether or not the parties in state court waived their right to engage in hypothetical litigation in an inappropriate forum." *Id.* at 137. See also, *Archer v. Warner*, 538 U.S. 314, 318-319 (2003)(settlement agreement providing for release of fraud claims did not bar later § 523(a)(2) claim, rejecting debtor's "novation" argument); *McKendry v. RTC (In re McKendry)*, 40 F.3d 331 (10th Cir. 1194)(*Brown*, decided under Bankruptcy Act, applies equally to cases under the Bankruptcy Code).

Based on the foregoing, it is

ORDERED that Debtor's Partial Motion to Dismiss is denied.

Dated: July 12, 2012                          BY THE COURT:

                                              _____
                                              United States Bankruptcy Judge